**DIAMOND DRUG CO. et al. v. STATE.**

No. 7534—Opinion Filed June 13, 1916.

(158 Pac. 907.)

**Intoxicating Liquors—Search Warrant—Burden of Proof.**

Under section 10, c. 70, Sess. Laws 1910-11, the sworn complaint upon which a search warrant is issued is prima facie evidence of the contraband character of the property or things seized, and the burden is upon the claimant to show his property right and interest in the things seized; that same were not used in violation of any of the provisions of the prohibitory laws of this state, and were not in any manner kept or possessed with the intention of violating such laws.

(Syllabus by Rittenhouse. C.)

Error from County Court, Tulsa County; J. W. Woodford, Judge.

Action by the State against certain liquors, vessels, implements, fixtures, and furniture,

wherein the Diamond Drug Company and another intervened. Judgment for the State, and interveners bring error. Affirmed.

Pat Malloy, for plaintiffs in error.

J. P. Evers, S. P. Freeling, Attorney General, R. E. Wood, Assistant Attorney General, and G. E. Warren, Assistant County Attorney of Tulsa County, for the State.

Opinion by RITTENHOUSE, C. On the 13th day of April, 1915, Ed. Crossland, the then county attorney of Tulsa county, Okla., filed in the county court of said county a sworn complaint alleging that, in violation of the prohibitory laws of the state, certain intoxicating liquors to-wit, whiskey, beer, brandy, wine, gin, and ale, were being manufactured, sold, bartered, given away, and otherwise furnished and kept for sale by one Billy Miles at the Diamond Drug Store, situated at No. 15 East Second street, in said city. The same day a search warrant was issued to James Woolley, sheriff of said county, commanding him to make immediate search of said premises and to seize all liquors; together with the vessels, implements, furniture, and fixtures used or kept for such illegal purposes. On the next day the premises were searched and the following property seized, to-wit:

```
One R. E. Lynch check _____$ 5.00
One dollar in currency _____$ 1.00
Silver _ _____$14.05
Pennies _ _____  .10
One cash register.
One stool.
One slot machine.
Seven sacks of beer.
Two bars.
Three gallons of whiskey.
One mirror.
One ice box.
```

Subsequently the Diamond Drug Company and the National Cash Register Company intervened, alleging that the Diamond Drug Company was a corporation organized for the purpose of carrying on a drug business in Tulsa, Okla., and the owner of the property seized, except the liquor and the cash register; that the title to the cash register was retained by the National Cash Register Company until the balance due of $95 was paid. The evidence shows that the front part of the building was used for a drug store; while back of the partition was a bar with liquor and glasses and the other property seized in this proceeding. The beer was found in a "plant" under the floor. The check and money were found in the cash register the keys of which bore the inscription "½ pint," "pint," "quart." There was also proof that the Diamond Drug Company had the reputation of being a place where intoxicating liquors were illegally sold.

The court held that, as the slot machine was a gambling device, the same was not properly seized under the prohibitory laws. The remaining property was ordered confiscated and destroyed, except that property which was of value and adaptable to a lawful use, which was ordered delivered to the proper officials for sale.

It is argued that the judgment is not sustained by the evidence and is contrary to law, and it is to this question that we will direct our attention. A sworn complaint was filed stating that liquors were being manufactured, sold, bartered, given away, and otherwise furnished, and were being kept for the purpose of selling, bartering, giving away, and otherwise furnishing the same in violation of section 3612, Rev. Laws 1910, at the Diamond Drug Store, operated by Billy Miles at No. 15, East Second street, in the city of Tulsa, Oklahoma. Upon such sworn complaint a search warrant was issued and the property hereinbefore described seized.

The interveners failed to introduce any evidence in support of their plea of intervention, but rely upon a demurrer to the evidence, on the theory that the state failed to prove that the property seized was of contraband character. In the view we take of this case it becomes immaterial whether the witnesses for the state who made the seizure knew for what purpose the property in question was being used. There was evidence that in making the search seven sacks of beer and three quarts of whiskey, together with the property in controversy, were seized. And, where there is evidence that the premises were used in violation of such laws, and the property seized as implements, furniture, and fixtures used or kept for the illegal manufacture, sale, barter, giving away, and otherwise furnishing liquors, the sworn complaint upon which the search warrant was issued is prima facie evidence of the contraband character of the property and things seized, and the burden rests upon the interveners to show by competent evidence their right or interest in the things claimed; that the same were not used in violation of any of the provisions of the prohibitory laws of this state, and were not in any manner kept or possessed with the intention of violating such provisions (section 10, c. 70, Sess. Laws 1910-11).

Applying this rule to the facts in the instant case, we find that the sworn complaint was prima facie evidence of the contraband character of the things seized, and the court properly entered a judgment of forfeiture. The cause should therefore be affirmed.

By the Court: It is so ordered.